## Abstract of the Decision.

1. **MUNICIPAL COURT OF CHICAGO, § 19\***—*when motion to vacate judgment is too late.* A motion to vacate a judgment after the lapse of thirty days from the entry of the judgment is too late under section 21 of the Municipal Court Act (J. & A. ¶ 3333).

2. **MUNICIPAL COURT OF CHICAGO, § 19\***—*when judgment deemed valid until regularly vacated.* Where the Municipal Court of Chicago has jurisdiction of the parties and the subject-matter, a judgment rendered by it must be deemed valid until regularly vacated, either under the practice prescribed in section 21 of the Municipal Court Act (J. & A. ¶ 3333), or unless reversed on a writ of error.

---

## Barr & Collins, Appellee, v. Thomas Mack, Appellant.

## Gen. No. 22,899.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 9, 1917.

## Statement of the Case.

Action in assumpsit by Barr & Collins, a corporation, plaintiff, against Thomas Mack, defendant, claiming an indebtedness from defendant for mill work and building material. Defendant filed a plea of general issue and a set-off. From a judgment for plaintiff for $272.10, the precise amount of the difference between the total debit and credit items as shown by its ledger, defendant appeals.

GURDON WILLIAMS and THOMAS MACK, for appellant.

BALCOMB, LANE & McGRATH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 110*—*what constitutes best evidence of stated account.* Where the seller of goods seeks to prove an alleged stated account, the original bills or their duplicates actually sent to and received by the purchaser constitute the best evidence of such account.

2. EVIDENCE, § 138*—*what is basis for introduction of secondary evidence of stated account.* Where it is sought to prove a stated account for goods sold, secondary evidence of the original bills or their duplicates is not admissible where there is no attempt to produce or account for them.

3. EVIDENCE, § 143*—*when ledger entries not admissible on failure to produce checks.* Where, in an action by the seller of goods on a stated account, notice is given to the defendant to produce checks which were entered in the cash book of plaintiff as cash and credited to defendant, the failure to produce them does not warrant reading or computing the amount of credits as copied into the ledger from apparent sources of original entry in plaintiff's possession.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.